UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NATHANIEL GATES,

      Plaintiff,

                 **Hon. Hugh B. Scott**

      v.

                 02CV496

                 (CONSENT)

DONALD SELSKY, et al.,

                 **Order**

      Defendants.

    Before the Court are the parties' crossing motions for summary judgment (Docket Nos. 47 (plaintiff), 56 (defendants)). In support of the defendants' motion, defendants submitted a declaration from defendant Mark Bradt which included four exhibits that were not served upon plaintiff, but later submitted to chambers for in camera review. (Docket No. 58, Bradt Decl. ¶¶ 11-14, Ex. B, Bates-stamped pages 00088-91.) This Court issued an Order to Show Cause, returnable August 3, 2005, on why these documents should be reviewed in camera without serving them upon plaintiff (Docket No. 66).

    Defendant Bradt states that plaintiff did not have the documents defendants seek to have in camera review but Bradt relied upon them in making his determination (Docket No. 58, Bradt Decl. ¶¶ 13-14). The documents involve the visitors who saw plaintiff the day of the incident, the report from a corrections officer (who was willing to testify confidentially) about his investigation leading to plaintiff's misbehavior report.

    Defendants admit in oral argument that they have not produced these documents in discovery or in support of their motion and apparently have not filed a privilege log to identify

their existence and to state the basis for privilege from their disclosure. They also did not move for a protective order against disclosure of these documents. Defendants also have not moved to file these documents under seal. Instead, defendants submitted these documents directly to chambers for <u>in camera</u> review, stating in defense counsel's cover letter that they were submitted "for security reasons" this way rather than serving and filing the documents. During argument, defendants did not amplify upon the security reasons, stating that disclosure would reveal investigative tactics for the facility and claims the confidentiality declared upon these documents, despite the fact of plaintiff's release from that facility on parole. Plaintiff was released on parole in May 2005 (<u>see</u> Docket No. 61, Longo Decl. ¶ 10, Ex. B). Plaintiff did not file a response to this Order to Show Cause and did not appear at the August 3, 2005, hearing.

## DISCUSSION

Federal Rule of Civil Procedure 5 requires service and filing of motion papers. Fed. R. Civ. P. 5(a), (d); <u>see also</u> Fed. R. Civ. P. 77(b) (trial of merits to be conducted in open court). The purpose of Rule 5 is to ensure a full exchange of written communications among the parties so that each party has a complete set of papers in the case. 4B Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, § 1141, at 411 (Civil 3d ed. 2002). Confidentiality of documents submitted to the Court in a pending case is the exception rather than the rule.

Bradt relied upon these documents and plaintiff's allegation here is that he was not afforded review of all the evidence against him during that disciplinary hearing. Defendants do not provide a statement of how these documents may reveal techniques or sources. Some of the documents are marked as "confidential" without a statement why. At most, the four pages may reveal techniques and sources the Department of Correctional Services had in 1999. But

plaintiff was released from prison last May. The exhibits themselves do not reveal any unique technique or knowledge. Plaintiff testified that he was aware that the Department of Correctional Services was accusing him of drug possession, obtaining the contraband from his visitors. Whatever was confidential stated in the documents in 1999 clearly is no longer so, and the harm of disclosure of prison investigative methods by revealing these documents to a parolee plaintiff is de minimis.

Defendants do not rely upon the exhibits to support their motion or to oppose plaintiff's motion; rather, they were introduced to show the extent of the record before defendant Bradt in making his determination whether to punish plaintiff. These documents, however, may reveal defendants' liability in failing to produce these exhibits to plaintiff to defend himself in the disciplinary proceeding.

## CONCLUSION

For the reasons stated above, on this Court's Order to Show Cause defendants failed to show cause why these documents should be reviewed in camera. Therefore, if defendants wish to have these documents support their motion (or oppose plaintiff's motion), they are to serve the four exhibit pages and file them with the Court with proof of service in seven (7) business days; otherwise, the Court will disregard these documents.

So Ordered.

                                                                  s/HBS
                                            Hon. Hugh B. Scott
                                     United States Magistrate Judge

Dated: Buffalo, New York
       August 10, 2005